IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,927-01






EX PARTE PEDRO SANCHEZ AVILES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM NAVARRO COUNTY

IN CAUSE NO. 29669

IN THE 13TH DISTRICT COURT




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated robbery and sentenced to confinement
for twenty-five years. No direct appeal was taken.

 Applicant contends that the State violated the terms of the plea bargain agreement and
that counsel was ineffective for not advising Applicant that his arrest and confession were
illegal and for not filing a motion to suppress the confession. The trial court has entered an
order concluding "that there are no controverted, previously unresolved facts material to the
legality of the Applicant's confinement . . . ." However, we disagree. Applicant has stated
facts requiring resolution. Because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution. This trial court shall resolve the
factual issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order
affidavits, depositions, or interrogatories from counsel and the State, or it may hold a hearing. 
In the appropriate case, the trial court may also rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel investigated the circumstances of Applicant's arrest and confession
and, if so, advised Applicant of his right to file a motion to suppress. The trial court shall
then make findings of fact as to whether counsel was ineffective for not filing a motion to
suppress and whether the motion to suppress would have been granted. The trial court shall
also make findings of fact as to what the specific terms of Applicant's plea bargain
agreement were and whether the State violated the agreement by recommending that
Applicant be sentenced to twenty-five years. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 8th day of March, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.